Carl Gene McGHEE *v.* STATE of Arkansas

CR 02-353                                    84 S.W.3d 423

Supreme Court of Arkansas
Opinion delivered September 12, 2002

*Jeff Rosenzweig,* for appellant.

No response.

P ER CURIAM. The underlying facts for this motion were set out in our previous *per curiam* opinion:

> On May 6, 1999, movant Carl Gene McGhee was convicted of various drug offenses. On May 25, 1999, his attorney retained for his appeal, Scott Adams, filed a notice of appeal. Three extensions of time were then granted for filing the record, with the ultimate deadline for filing the record being September 30, 1999. McGhee's record was tendered for filing on October 4, 1999. The Supreme Court clerk refused to file the record because it was late. No motion for rule on clerk was filed on McGhee's behalf. On December 20, 1999, the record was returned to McGhee's counsel, Scott Adams. Nothing further apparently was done on the matter.

> On April 11, 2002, McGhee with new counsel filed a motion for Belated Appeal or motion for Rule on Clerk and tendered a record for his appeal for a second time. His new counsel argues on McGhee's behalf that though the record was not timely filed under Ark. R. App. P.—Crim. 2(e), this court should allow a belated appeal or lodging of the late record because McGhee was unaware his record had not been timely filed. McGhee files an affidavit in support of his contention.

*McGhee v. State,* 348 Ark. 573, 74 S.W.3d 627 (2002). In that opinion, we remanded the matter to the trial court to determine why the record was not timely filed and why a motion for rule on clerk was not pursued.

On July 16, 2002, findings of fact by the trial court were filed in this court. Those findings included the following:

> Carl McGhee was not aware that the appeal had not been properly perfected. Carl McGhee did not instruct Adams not [sic] abandon appeal. McGhee desired to continue the appeal and believed that the appeal was in process. His brother Charles McGhee, who was in occasional communication with Adams, also believed that.
>
> Scott Adams did not confer with Carl McGhee to notify him of the status of the appeal. Adams had communication with Charles McGhee concerning strategies to assist Carl McGhee, and even wrote a letter to Carl McGhee discussing a possible new trial motion. Adams believed that the appeal did not have substantive merit and thus did not pursue it. However, Adams conceded that he may not have effectively communicated the facts of the appeal's status to the McGhees, and that the McGhees could have reasonably believed that the appeal was pending, a situation for which he apologized in court.

The operative rule dealing with failure to pursue an appeal is Ark. R. App. P.—Crim. 2(e). Rule 2(e) provides that this court may decide a case where the transcript of the trial record was not timely filed "when a good reason for the omission is shown by affidavit." Rule 2(e) goes further and says "no motion for belated appeal shall be entertained by the Supreme Court unless application has been made to the Supreme Court within eighteen (18) months of the date of entry of judgment or entry of the order denying postconviction relief from which the appeal is taken." The motion before us deals with failure to file a transcript and not a motion for belated appeal.

■ Scott Adams, as attorney for Carl Gene McGhee, was found by the trial court to have conceded that he may not have effectively communicated the status of the appeal to this client. He apologized for this. We conclude that this admission of error under oath before the trial court provides good cause for granting

the motion. *See Nuehring v. State,* 347 Ark. 912, 68 S.W.3d 298 (2002) (*per curiam*); *In Re Belated Appeals in Criminal Cases,* 265 Ark. 964 (1979) (*per curiam*). We, therefore, grant the motion for rule on clerk and direct the clerk of the Supreme Court to file the tendered record.

A copy of this opinion will be forwarded to the Committee on Professional Conduct.