Carl Gene McGHEE *v.* STATE of Arkansas

CA CR 02-353                                    112 S.W.3d 367

Court of Appeals of Arkansas
Division II
Opinion delivered May 7, 2003

106

*Jeff Rosenzweig*, for appellant.

*J. Leon Johnson*, Att'y Gen., by: *Jeffrey A. Weber*, Ass't Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. Appellant appeals the application of the seventy-percent parole-eligibility rule to his sentence for manufacture of a controlled substance, methamphetamine. Appellant argues that application of the rule to his sentence violated both the federal and state constitutional prohibition against *ex post facto* laws because his crime was committed before methamphetamine offenses became subject to the seventy-percent rule. We affirm because appellant failed to preserve his argument for appellate review.

In 1998, appellant was arrested and charged with a number of offenses committed on May 8, 1998. On April 30, 1999, a jury convicted appellant of manufacture of a controlled substance, possession of drug paraphernalia, and possession with intent to manufacture. During the sentencing phase, the trial court instructed the jury as follows:

> For manufacture of a controlled substance methamphetamine, it is punishable by a term of years up to life. Persons under the sentence for life are not eligible for parole, but if you sentence him to a terms of years, he'll be eligible for parole after he served seventy percent of the term you impose and this percentage of imprisonment will not be reduced by earning a meritorious good time. In your deliberations on the sentence to be imposed for the other charges . . . [t]he term of imprisonment may be

reduced further to one-sixth of any period you may impose if he earns the maximum amount of meritorious good time during his imprisonment.

Appellant did not raise an objection to this instruction. After deliberating, the jury recommended a sentence of fifteen years for the crime of manufacture of a controlled substance and three years each for the crimes of possession of drug paraphernalia and possession with intent to manufacture. The trial court sentenced appellant as recommended by the jury and ordered the sentences to run concurrent, again commenting that appellant would have to serve seventy percent of his sentence for manufacture of methamphetamine.

On May 25, 1999, appellant filed a notice of appeal; however, the record was not tendered until October 4, 1999, at which time the Supreme Court Clerk refused to file it because it was late. On April 11, 2002, appellant retained new counsel and filed a motion for "belated appeal" or motion for "rule on clerk" and tendered a record for his appeal for a second time. The supreme court granted appellant's motion. *McGhee v. State*, 348 Ark. 573, 74 S.W.3d 627 (2002); *McGhee v. State*, 350 Ark. 49, 84 S.W.3d 423 (2002). This appeal followed.

Appellant argues that the application of the seventy-percent parole-eligibility rule under Ark. Code Ann. § 16-93-611 (Supp. 2001) to his sentence for manufacture of a controlled substance, methamphetamine, violates federal and state constitutional prohibitions on *ex post facto* legislation. Both the United States and Arkansas Constitutions prohibit the enactment of any law which imposes punishment on a person for an act done that was not punishable at the time it was committed or which increases or imposes additional punishment than what was prescribed for that act when it was committed. U.S. Const. Art. I, §§ 9 and 10; Ark. Const. Art. 2, § 17. To fall within the *ex post facto* prohibition, the law must be retroactive, that is, it must apply to events occurring before its enactment and it must disadvantage the offender affected by it. *Bowen v. State*, 322 Ark. 483, 911 S.W.2d 555 (1995). Furthermore, the change in the law must have altered substantial personal rights, not merely modes of procedure that do not affect matters of substance. *Id.* The Arkansas Supreme Court has applied the *ex post facto* prohibition to parole-eligibility cases and

has held that it is unconstitutional to apply the current parole-eligibility act retrospectively to a defendant's conviction, instead of considering him for parole under the parole-eligibility statute that was in effect at the time of the commission of the crime. *Bosnick v. Lockhart*, 283 Ark. 206, 672 S.W.2d 52 (1984).

■ Appellant's felony information recited that the offenses for which appellant was convicted occurred on May 8, 1998. At that time, Ark. Code Ann. § 16-93-611 (Supp. 2001) provided that a person convicted of certain serious crimes would not be eligible for parole until he served seventy percent of his sentence, but the statute did not include the offense of manufacture of methamphetamine. This statute was amended in 1999 by Act 1268 to add methamphetamine offenses, thus, making the manufacture of methamphetamine subject to the seventy-percent parole-eligibility rule. This new amendment became effective on April 9, 1999. However, when appellant was sentenced, the seventy-percent parole-eligibility rule was applied to his sentence for manufacture of a controlled substance, methamphetamine. Therefore, appellant correctly asserts that the application of the seventy-percent parole-eligibility rule to his sentence for manufacture of methamphetamine would be an *ex post facto* law in violation of the federal and state constitutions. Nonetheless, the record reflects, as appellant has admitted, that his counsel never raised an objection to the jury instruction or the application of the seventy-percent parole-eligibility rule to his sentence at trial; thus, this error was not brought to the attention of the trial court. It is well settled that the appellate courts will not hear arguments or errors, even constitutional ones, which were not raised at the trial court level by means of a timely, specific objection. *Nooner v. State*, 339 Ark. 253, 4 S.W.3d 497 (1999); *Ussery v. State*, 308 Ark. 67, 822 S.W.2d 848 (1992).

■ Appellant argues that he did not need to object to the application of the seventy-percent parole-eligibility rule to his sentence at trial, citing *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980) in support of his position. In *Wicks v. State*, the supreme court enumerated four exceptions to the contemporaneous-objection rule: (1) death-penalty cases; (2) cases where an error is made by the trial judge and defense counsel has no knowledge of the error and hence no opportunity to object; (3) cases in which an error is so egregious that the trial court had a duty to

correct, absent an objection; and (4) cases which might fall under Ark. R. Evid. 103(d) providing, "[n]othing in this rule precludes taking notice of errors affecting substantial rights although they were not brought to the attention of the court." 270 Ark. at 785-87, 606 S.W.2d at 369-70. The supreme court further held that the application of Ark. R. Evid. 103(d) was limited to a ruling which admits or excludes evidence. *Id.* at 787. Appellant makes the argument that an *ex post facto* violation is one that would fall under Ark. R. Evid. 103(d) or that the exceptions should be expanded to include such errors when they undisputedly appear on the face of the record. We are not persuaded by appellant's argument.

First, it is quite obvious that appellant's case does not come within the scope of any of the recognized exceptions to the contemporaneous-objection rule listed in *Wicks v. State,* and we decline to extend the exceptions. Second, Arkansas does not adhere to the "plain error" rule under which plain errors affecting substantial rights may be noticed although they were not brought to the attention of the trial court. *Lovelady v. State,* 326 Ark. 196, 931 S.W.2d 430 (1996); *Smith v. State,* 268 Ark. 282, 595 S.W.2d 671 (1980); *Wicks v. State, supra.* To the contrary, our law is well settled that issues raised for the first time on appeal, even constitutional ones, will not be considered because the trial court never had an opportunity to rule on them. *J.C.S. v. State,* 336 Ark. 364, 985 S.W.2d 312 (1999); *Ussery v. State, supra.* As such, appellant's argument is not preserved for our review.

Alternatively, appellant argues that in the interest of judicial economy we should address the merits of the case because he would be entitled to relief under Rule 37 or state *habeas corpus* grounds. In response to this assertion, we quote from *Wicks v. State* in which the supreme court stated:

> In closing, we mention a position sometimes taken in appellate briefs in criminal cases, that a possible error should be argued by counsel even in the absence of an objection below, because the matter might be raised in a petition for postconviction relief. The short answer to that suggestion is that if the supposed error calls for postconviction relief, the defect is not cured by the presentation of an argument that is certain to be rejected by this court for want of an objection at the trial.

270 Ark. at 787, 606 S.W.2d at 370. Moreover, the determination of parole eligibility is the province of the Arkansas Department of Correction. *Morris v. State*, 333 Ark. 466, 970 S.W.2d 210 (1998). We point out that appellant has failed to show in the record that, in addition to the trial court' s error, the Department has miscalculated his parole-eligibility date in a manner inconsistent with the law in effect at the time he committed his crimes.

Affirmed.

HART and BAKER, JJ., agree.