Wade C. DONALDSON *v.* STATE of Arkansas

CR 06-607                                                         257 S.W.3d 74

Supreme Court of Arkansas
Opinion delivered May 10, 2007

*Joseph P. Mazzanti, III,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Karen Virginia Wallace,* Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Wade C. Donaldson appeals the Drew County Circuit Court's order convicting him of second-degree battery, sentencing him to three years' imprisonment, and ordering restitution in the sum of $8,856.64. On appeal, Appellant raises one argument for reversal: the trial court erred and imposed an illegal sentence when it took the case away from the jury and sentenced Appellant itself. We hold that the trial court did impose an illegal sentence, and reverse and remand for entry of a judgment and commitment order consistent with this opinion.[1]

On May 24, 2005, Appellant was charged with first-degree battery based upon an April 23, 2005 incident, where Appellant stabbed James W. Morgan in the abdomen with a knife. A jury trial was held on February 7, 2006. Following deliberations, the jury found Appellant guilty of the lesser-included offense of second-degree battery, a Class D felony.

---

[1] This case was originally submitted to the court of appeals; however, it was certified to this court in accordance with Ark. Sup. Ct. R. 1-2(b)(2) and (5) because it involves an inconsistency in the decisions of the court of appeals and the supreme court, as well as an issue needing clarification of the law or the overruling of precedent.

During the sentencing phase of Appellant's trial, the jury recommended a verdict of zero years' imprisonment and a fine of zero dollars. Additionally, the jury found that restitution should be paid in the amount of $8,856.64. The jury also recommended an alternative sentence of three years' probation. After hearing the jury's verdict and alternative recommendation, the trial court chose not to make an immediate sentencing decision, but rather asked the probation office to prepare a presentence report on Appellant. Specifically, the trial court explained that it had not yet made up its mind, but that it would find it difficult to accept the jury's recommendation and impose probation. At the sentencing hearing, on March 7, 2006, the trial court rejected the jury's recommendation and sentenced Appellant to three years' imprisonment, along with restitution in the amount of $8,856.64. This appeal followed.

Appellant's sole argument for reversal is that the trial court erred and imposed an illegal sentence when it took the case away from the jury and sentenced Appellant itself. Specifically, Appellant argues that the trial court imposed an illegal sentence when it rejected the jury's sentencing verdict of zero years' imprisonment and a fine of zero dollars, as well as the jury's alternative recommendation of three years' probation, and instead sentenced Appellant to three years' imprisonment.

It is well settled that an appellant may challenge an illegal sentence for the first time on appeal, even if he did not raise the argument below. *See, e.g., Sullivan v. State*, 366 Ark. 183, 234 S.W.3d 285 (2006). Specifically, this court views an issue of a void or illegal sentence as being an issue of subject-matter jurisdiction, which we may review whether or not an objection was made in the trial court. *See Mayes v. State*, 351 Ark. 26, 89 S.W.3d 926 (2002); *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002); *Flowers v. Norris*, 347 Ark. 760, 68 S.W.3d 289 (2002); *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992). A sentence is void or illegal when the trial court lacks authority to impose it. *Id.*

Here, the State argues that Appellant's sentence is not illegal on its face, and thus he has failed to preserve his argument because it was not raised below. In support of its argument, the State cites *Ewings v. State*, 85 Ark. App. 411, 155 S.W.3d 715 (2004), for the contention that a sentence within the prescribed statutory range is not illegal on its face. In *Ewings*, the court of appeals held "[b]ecause the power to sentence Ewings to twenty years' imprisonment was clearly prescribed by law, the sentence is not illegal on

its face and cannot be raised for the first time on appeal." *Id.* at 417, 155 S.W.3d at 719 (citing *Cooley v. State*, 322 Ark. 348, 909 S.W.2d 312 (1995) (explaining that an illegal sentence is one that is illegal on its face, and if a sentence is given within the maximum prescribed by the law, it is not illegal on its face)). Thus, the State asserts that Appellant's sentence, which is within the statutory range set by Ark. Code Ann. § 5-4-401(a)(5) (Repl. 1997), should be affirmed based upon this rule alone.[2] We disagree and reiterate that a sentence is void or illegal when the trial court lacks the authority to impose it.

Furthermore, both *Ewings* and *Cooley* are, in essence, consistent with this rule. First, *Ewings*, 85 Ark. App. 411, 155 S.W.3d 715, involved a situation where the jury returned a blank verdict form for imprisonment and a filled out form for alternative sanctions. Ewings had been convicted of the charge of possession of cocaine which required, under Ark. Code Ann. § 5-64-401(a)(1) (Supp. 1999), imprisonment of twenty to forty years. There, the trial court was acting within its power to impose a sentence because the jury had assessed a punishment not authorized by law. *See* Ark. Code Ann. § 16-90-107(a) (1987). The court of appeals performed this analysis, in dicta, following its general determination that if a sentence is within that prescribed by law, then it is not illegal on its face and cannot be raised for the first time on appeal. We take this opportunity to note that, for purposes of appellate review, the issue of an illegal sentence is not solely whether it is within the prescribed statutory range, but whether the trial court had the authority to impose the sentence.

Second, *Cooley*, 322 Ark. 348, 909 S.W.2d 312, was a bench trial such that only the trial court had the right to sentence Cooley, and, because it sentenced Cooley within the prescribed statutory range, the sentence was not illegal. As such, these cases are consistent with the rule that a sentence is void or illegal when the trial court lacks the authority to impose it.

In the present case, it is clear that Appellant is challenging the legality of his sentence as imposed by the trial court. Specifically, he claims that, according to Ark. Code Ann. § 5-4-103 (Repl. 1997), if a defendant is found guilty of a felony offense by

---

[2] In its brief, the State inadvertently cites to Ark. Code Ann. § 5-64-401(a)(5) (Repl. 1997) as the statute governing Appellant's sentence.

a jury, *the jury* shall fix punishment in a separate proceeding. He further argues that the statute only allows a trial court to fix a defendant's sentence in five specific circumstances, none of which are present here. It is readily apparent he is claiming that the trial court lacked the authority to impose his sentence, thus rendering his sentence illegal. Therefore, this issue is properly before this court.

In Arkansas, sentencing is entirely a matter of statute. *See* Ark. Code Ann. § 5-4-104(a) (Supp. 2003) ("No defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter."); *Sullivan*, 366 Ark. 183, 234 S.W.3d 285. In stating this general rule, this court has consistently held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *Id.* Specifically, where the law does not authorize the particular sentence pronounced by the trial court, the sentence is unauthorized and illegal. *Id.*

Section 5-4-103 provides:

(a) If a defendant is charged with a felony and is found guilty of an offense by a jury, the jury shall fix punishment in a separate proceeding as authorized by this chapter.

(b) Except as provided by §§ 5-4-601 – 5-4-605, 5-4-607, and 5-4-608, the court shall fix punishment as authorized by this chapter in any case in where:

(1) The defendant pleads guilty to an offense; or

(2) The defendant's guilt is tried by the court; or

(3) The jury fails to agree on punishment; or

(4) The prosecution and the defense agree that the court may fix punishment; or

(5) A jury sentence is found by the trial court or an appellate court to be in excess of the punishment authorized by law.

Additionally, section 16-90-107(a) designates instances in which the trial court can take the sentencing away from the jury: "[w]hen a jury finds a verdict of guilty and fails to agree on the punishment to be

inflicted, or does not declare the punishment in its verdict, or if it assesses a punishment not authorized by law, and in all cases of a judgment on confession . . . ."

In the present case, none of the above exceptions or instances apply and, in accordance with section 5-4-103(a), the jury was to fix punishment. Appellant was convicted of second-degree battery, a Class D felony. Section 5-4-401(a)(5) provides, in pertinent part, that a defendant convicted of a Class D felony shall receive a determinate sentence not to exceed six years. During the sentencing phase of the trial, the verdict form gave the jury the right to fix Appellant's sentence at (a) imprisonment up to six years; *or* (b) a fine not exceeding $10,000; *or* (c) both imprisonment and a fine. Here, the jury returned a verdict form that indicated a fixed sentence of zero years' imprisonment and a fine of zero dollars. It is clear from this that, despite finding Appellant guilty of second-degree battery, the jury did not want him to serve a term of imprisonment or pay a fine. Nevertheless, the trial court rejected the jury's verdict, as well as its alternative recommendation, and imposed its own sentence of three years' imprisonment.

A review of our case law reveals that this court has never been faced with a situation such as this; however, there is a court of appeals decision directly on point. In *Slaughter v. State*, 69 Ark. App. 65, 12 S.W.3d 240 (2000), the appellant was convicted by a jury of second-degree domestic battery, a Class D felony, but the jury returned a verdict form that did not impose a term of imprisonment or a fine. The trial court in *Slaughter*, just as in this case, found the jury's returned verdict unacceptable and imposed its own sentence. In *Slaughter*, the court of appeals concluded that "zero" was the lower limit of the sentencing range for a Class D felony, and held that the jury's verdict was proper such that the trial court erred in taking the case from the jury. We agree with the *Slaughter* decision and hold that, here, the jury's sentencing verdict was a proper and valid sentence under section 5-4-401(a)(5).[3]

---

[3] *Higgins v. State*, 326 Ark. 1030, 936 S.W.2d 740 (1996), stands for the proposition that zero years' imprisonment was no imprisonment at all and that a fine of zero dollars did not qualify as a fine not exceeding $15,000 because "[c]ommon sense tells us that something with no quantity or magnitude is, in fact, nothing." *Id.* at 1038, 936 S.W.2d at 744. *See also Smith v. State*, 354 Ark. 226, 118 S.W.3d 542 (2003) (applying *Higgins*). While it is true that a term of zero years' imprisonment or a fine of zero dollars are, strictly speaking, no imprisonment and no fine, common sense also tells us that the terms "up to" and "not exceeding," as used in

Thus, the trial court imposed an illegal sentence when it rejected the jury's verdict and took it upon itself to sentence Appellant.

Lastly, Ark. Code Ann. § 16-97-101(4) (Supp. 2001) provides:

> The court, in its discretion, may also instruct the jury that counsel may argue as to alternative sentences for which the defendant may qualify. The jury, in its discretion, may make a recommendation as to an alternative sentence. However, this recommendation shall not be binding on the court.

In the present case, the jury also returned an alternative verdict of three years' probation that the trial court chose not to follow. In light of the trial court's imposition of imprisonment, it is clear that the trial court would have chosen to impose the recommended alternative sentence rather than accept the jury's primary verdict of zero punishment. Consequently, rather than remanding for resentencing, we sentence Appellant to three years' probation as recommended by the jury.[4] We reverse and remand to the trial court for entry of a judgment and commitment order that is consistent with this opinion.[5]

Reversed and remanded.

---

section 5-4-401(a)(5), includes zero when no lower limit is set. Because we strictly construe criminal statutes and resolve any doubt in favor of the defendant, *see, e.g.*, *State v. Burnett*, 368 Ark. 625, 249 S.W.3d 141 (2007), it only follows that a sentencing range which allows for a term of imprisonment "up to" a set number of years or a fine "not exceeding" a set amount includes zero.

[4] The restitution portion of the order was not challenged on appeal and, thus, stands.

[5] This court has explained that when an error has nothing to do with the issue of guilt or innocence and relates only to punishment, it may be corrected by reducing the sentence in lieu of reversing and remanding for a new trial. *Richards v. State*, 309 Ark. 133, 827 S.W.2d 155 (1992).