Henry (Hank) James McBRIDE *v.* STATE of Arkansas

CA CR 06-1225                                        258 S.W.3d 782

Court of Appeals of Arkansas
Opinion delivered June 13, 2007

*Robert R. White*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. Appellant, Henry (Hank) James McBride, contends that the circuit court erred in refusing to grant his petition to expunge his record under Act 346 of 1975, codified in part at Ark. Code Ann. § 16-93-303 (Repl. 2006). He notes that he was placed on probation under Act 346 of 1975, and he argues that because an amendment to the statute, Act 1407 of 1999, which precluded expungement for certain sexual offenses, was not in effect at the time he committed the sexual offenses, the court erred in concluding that he was not entitled to expungement. We reverse and remand for the court to grant his petition.

In an order of probation under Act 346 of 1975 dated June 23, 2000, appellant tendered his plea of guilty to one count of first-degree sexual abuse that occurred on April 24, 1999, and one count of third-degree carnal abuse that occurred between March 1999 and April 1999.[1] The victims were under eighteen years old. Appellant's plea was deferred, and he was placed on probation for five years.

In 2005, appellant filed a petition stating that he had complied with the conditions and orders of the court and sought to have his record expunged. The State objected, arguing that appellant was ineligible for expungement. In support, it noted that prior to appellant's plea in 2000, Ark. Code Ann. § 16-93-303 had been amended by Act 1407 of 1999, which was effective July 30, 1999, to provide that a person who pleads guilty to a sexual offense where the victim was under eighteen is ineligible for expungement. In a response, appellant noted that the "parties have stipulated that [appellant] has satisfactorily complied with all conditions

---

[1] The order was later amended to reflect that the first-degree sexual abuse count was reduced to a third-degree carnal abuse count.

and orders of this Court." In its order, the circuit court concluded that at the time of appellant's guilty plea, he was ineligible for the application of Ark. Code Ann. § 16-93-303 and that his sentence was illegal and void. Consequently, the court modified his sentence to reflect that he was not sentenced pursuant to Act 346 of 1975 and was ineligible for expungement.

On appeal, appellant argues that the circuit court erred in finding that he was ineligible for expungement of his record. He argues that because Act 1407 of 1999 did not take effect until July 30, 1999, which was after he committed the crimes, he was eligible for expungement.[2]

The State first urges that appellant failed to raise this argument before the circuit court and therefore cannot raise it on appeal. The Arkansas Supreme Court, however, has recently held that an appellant can challenge an illegal sentence for the first time on appeal, observing that "for purposes of appellate review, the issue of an illegal sentence is not solely whether it is within the prescribed statutory range, but whether the trial court had authority to impose the sentence." *Donaldson v. State*, 370 Ark. 3, 5, 257 S.W.3d 74, 77 (2007). In *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002), the Arkansas Supreme Court held that a defendant's sentence was illegal because, even though Act 1407 of 1999 made the defendant ineligible for expungement, the circuit court nevertheless placed the defendant on probation under Ark. Code Ann. § 16-93-303 for a sexual offense where the victim was under eighteen. The Arkansas Supreme Court concluded that the sentence was illegal, as the circuit court lacked authority to apply Ark. Code Ann. § 16-93-303, and that the issue could be addressed for the first time on appeal. Similarly to *Thomas*, the question is whether the circuit court lacked authority to impose a sentence in contravention of Ark. Code Ann. § 16-93-303. Consequently, we may address the issue for the first time on appeal.

The State asserts that because appellant was charged and sentenced after the amendment to the statute, and because his probation ended after the amendment, appellant was ineligible for expungement. The Arkansas Supreme Court, however, has noted

---

[2] Other amendments were also made to Ark. Code Ann. § 16-93-303, but these amendments do not alter the conclusions we reach here.

the "well-established rule that a sentence must be in accordance with the statutes in effect on the date of the crime." *State v. Ross*, 344 Ark. 364, 367, 39 S.W.3d 789, 791 (2001). It has also observed that it "has consistently held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime." *Donaldson*, 370 Ark. at 7, 257 S.W.3d at 77. Furthermore, we apply an act retroactively only when the General Assembly expressly provides that it will be so applied. *See, e.g.*, *Ross*, 344 Ark. at 368, 395 S.W.3d at 791. Accordingly, we apply the sentencing laws in effect at the time the crime was committed and do not apply an amendment to these sentencing laws if the General Assembly does not expressly provide that the amendment is to be applied retroactively.

■ At the time appellant committed the sexual offenses, Ark. Code Ann. § 16-93-303 did not prohibit expungement for sexual offenses where the victim was under eighteen. Act 1407 of 1999, which precluded expungement in those circumstances, was not effective until July 30, 1999, and the act did not indicate that it was to be retroactively applied. Thus, the limitation on expungement had no application to appellant. Accordingly, the circuit court erred in concluding that appellant was ineligible for expungement.

■ We note the circuit court's reliance on *Thomas*, but it is not controlling. There, the Arkansas Supreme Court concluded that a defendant was not entitled to expungement under Ark. Code Ann. § 16-93-303, but in that case, the defendant committed a sexual offense after Act 1407 of 1999 became effective. We further recognize that both parties also discussed whether the denial of expungement would violate the prohibition against ex post facto laws. We need not reach this issue because to fall within the ex post facto prohibition, the law must be retroactive. *See, e.g.*, *McGhee v. State*, 82 Ark. App. 105, 112 S.W.3d 367 (2003). While the circuit court applied the statute retroactively, given that Act 1407 of 1999 did not provide that it was to be applied retroactively, there is no reason to answer the purely abstract question of whether applying the statute retroactively would violate the prohibition against ex post facto laws.

Finally, because the parties stipulated that appellant satisfactorily complied with all conditions and orders of the circuit court,

we reverse and remand for the court to grant his petition. *See* Ark. Code Ann. § 16-93-303(b).

Reversed and remanded.

G RIFFEN and G LOVER, JJ., agree.