2009 Ark. App. 522

**Jeremy Michael RICHIE, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–793.**

Court of Appeals of Arkansas.

July 1, 2009.

530 

Lynn Frank Plemmons, Conway, for appellant.

Dustin McDaniel, Att'y Gen., by: Eileen W. Harrison, Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge.

Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Ark. Sup.Ct. R. 4–3(k), Jeremy Michael Richie's counsel filed a motion to withdraw on grounds that the appeal is wholly without merit. The clerk of this court sent Richie a certified copy of his counsel's brief and motion to be relieved and informed him that he had the right to file pro se points for reversal, which Richie filed. Because there are two issues relating to whether Richie possibly received an illegal sentence, we conclude that an appeal would not be wholly frivolous, and accordingly, we remand for rebriefing.

 At the outset, we observe that an issue of an illegal sentence goes to subject-matter jurisdiction, and we may review the issue whether or not an objection was made in the circuit court. *Donaldson v. State,* 370 Ark. 3, 257 S.W.3d 74 (2007). A sentence is void or illegal when the court lacks authority to impose it. *Id.*

According to a judgment and disposition order filed February 4, 2005, Richie pleaded guilty to two Class C felonies, and on each count, the circuit court placed him on probation for sixty months. The State later filed a petition to revoke Richie's probation. A judgment and disposition order filed May 31, 2005, shows that, following a guilty plea, Richie's probation was revoked, and on each count, he was sentenced to twelve months' imprisonment to be followed by probation for sixty months. The State again filed a petition to revoke. At the February 15, 2008, revocation hearing, Richie pleaded guilty, and the court heard evidence on sentencing. According to the judgment and commitment order filed March 14, 2008, the court sentenced him on the two Class C felonies to concurrent terms of ten years' imprisonment. Further, both at the hearing and in the judgment and commitment order, the court ordered Richie to participate in drug and alcohol treatment and counseling. In his pro se points, Richie appears to challenge both the length of his sentence and the court's order that he attend drug and alcohol treatment and counseling.

When a court revokes probation, it may impose any sentence that might have been imposed originally for the offense. Ark. Code Ann. § 5–4–309(f)(1)(A) (Repl.2006). However, any sentence of imprisonment, when combined with any previous imprisonment imposed for the same offense, should not exceed statutory limits. Ark. Code Ann. § 5–4–309(f)(1)(B). For a Class C felony, it is no more than ten years. Ark.Code Ann. § 5–64–401(a)(4) (Repl.2006).

Furthermore, in addition to being sentenced to imprisonment for a Class C felony, a defendant also may be sentenced to probation, payment of a fine, restitution, or imprisonment and payment of a fine, Ark. Code Ann. § 5–4–104(d) (Repl.2006), and unless otherwise provided, may receive a suspended imposition of sentence, Ark. Code Ann. § 5–4–104(e). Also, the circuit court is not deprived of any authority conferred by law to order a forfeiture of property, suspend or cancel a license, dissolve a corporation, remove a person from office, cite for contempt, impose any civil penalty, or assess costs. Ark.Code Ann. § 5–4–104(g). A defendant cannot be sentenced

otherwise than in accordance with the disposition of offenders chapter provisions. Ark.Code Ann. § 5–4–104(d).

Two issues arise regarding the legality of Richie's sentence. First, we note that when Richie's probation was first revoked, he was sentenced to one year of imprisonment on each Class C felony, and when his probation was revoked a second time, he was sentenced to ten years of imprisonment on each count. Thus, there is an issue that is not wholly frivolous regarding whether Richie's sentence to imprisonment exceeded the ten years allowed for a Class C felony. Further, there is an issue not wholly frivolous regarding whether the circuit court could order Richie to participate in drug treatment and counseling during his incarceration. *See Seamster v. State,* 2009 Ark. 258, at 6 n. 3, 308 S.W.3d 567 (questioning what is meant by the terms "condition of a sentence of imprisonment" and "condition of incarceration"). Accordingly, counsel's motion to be relieved is denied, and counsel is ordered to prepare and file within thirty days a brief in adversarial form addressing the legality of Richie's sentence.

Rebriefing ordered.

GLOVER and MARSHALL, JJ., agree.