The Honorable Charlie Daniels Secretary of State State Capitol, Room 256 Little Rock, Arkansas 72201-1094
Dear Mr. Daniels:
This is in response to your request for an opinion on two questions relating to Act 849 of 1977, codified as A.C.A. §§ 21-8-201 to -204 (Repl. 2004). As noted in your request, Act 849 requires state employees who are employed on a regular salary basis to file an annual statement disclosing certain income from other sources.
Your request states that "[c]ourt reporters for circuit courts are employed by the state on a `regular salary basis'" and that "[c]ourt reporters also may receive transcript fees from both private and public litigants."
You ask whether court reporters are required to disclose transcript fees in excess of $500 paid them by public agencies, and whether they are required to disclose such fees paid them by private parties. As explained below, it is my opinion that Act 849 requires court reporters to disclose the former, but not the latter.
In your request, you quote from A.C.A. § 21-8-203, which provides:
 The General Assembly determines that it is essential to the efficient operation of government, and to minimize the opportunities for conflicts of interest, that all state employees who are employed on a regular salary basis shall be required to disclose each source of income in excess of five hundred dollars ($500) earned during any calendar year from sources *Page 2 
other than their regular salary from employment or from professional or consultant services rendered for any public agency.
The language quoted above ("section 1") was originally section 1 of Act 849. Section 3 of Act 849 ("section 3") is codified at A.C.A. § 21-8-204(a), as follows:
 On or before January 31 following the close of each calendar year, all state employees who are employed by a state office, agency, department, board, commission, or institution of higher learning in this state on a regular salary basis shall file a statement under oath reflecting all income in excess of five hundred dollars ($500) received by them during the preceding calendar year as wages or salary or as fees or payments for professional or consultant services rendered to any public agency of this state, other than the salary said person receives on a regular salary basis.
Section 1 uses the phrases "[t]he General Assembly determines" and "shall be required to disclose," and was originally entitled "Legislative Intent." Section 3, on the other hand, specifies a filing time and uses the phrase "shall file." In my view, accordingly, section 1 is principally a statement of legislative intent, and section 3, mandating the filing, is the provision of Act 849 primarily establishing the extent of the disclosure requirement.
The plain language of section 3 requires state employees to disclose sources of additional income that are received "as fees or payments for professional or consultant services rendered to any public agency of this state. . . ." As a matter of basic grammar, the phrase "rendered to any public agency of this state" modifies and limits the phrase "fees or payments for professional or consultant services." Accordingly, it is my opinion that court reporters must disclose transcript fees in excess of $500 paid them by public agencies, but are not required by Act 849 to disclose transcript fees paid them by private parties.[1]
The plain language of section 3 is confirmed by the statement of legislative intent in section 1, which evidences intent to require disclosure of additional income *Page 3 
earned "from professional or consultant services rendered for any public agency." In a manner similar to that described above with respect to section 1, the phrase "rendered for any public agency" in section 3 limits and modifies the phrase "from professional or consultant services."
In Judicial Discipline Disab. Comm'n v. Thompson,341 Ark. 253, 16 S.W.3d 212 (2000), the Supreme Court of Arkansas held that the Commission did not clearly err in determining that a judge's failure to report legal fees received from private parties constituted a violation of both Act 849 and Canon 4 of the Code of Judicial Conduct. Addressing Act 849 and Canon 4 together, in a single point of consideration, the Court quoted Canon 4H(2), which requires a judge to disclose "any activity for which the judge received compensation. . . ." Thompson, 341 Ark. at 268. The Court did not, however, quote Act 849 or address in any way the "any public agency" language of sections 1 and 3 of Act 849.
In my view, the Court's language and decision in Thompson
were unfortunately broad with respect to this point. The Court inThompson agreed with the Commission's findings that the judge had engaged in actions that constituted six separate and independent violations of the Canons. As described above, one of the Canon violations was also deemed to be a violation of Act 849. The Court found that the judge had also violated one of the Model Rules of Professional Conduct that govern attorneys. As a result of these seven violations, the court removed the judge from office. Seen in this context, it is perhaps not surprising that the Court did not expressly examine how the language of Act 849 applied, or did not apply, to the judge's conduct. The judge's failure to file a disclosure statement clearly violated Canon 4, but it did not, in my opinion, violate the letter of Act 849.
While my interpretation is not consistent with Thompson, it is in accord with Secretary of State's apparent interpretation of Act 849, implicitly evidenced by the form promulgated for use by state employees in making the filings required by Act 849. The form, in providing lines on which to disclose income sources, prompts the person completing the form to write in the "Name of Public Agency" paying such income.
In addition, it might be noted that Act 849 is a criminal statute, providing that failure to file a required disclosure, or filing a false disclosure, is a misdemeanor punishable by fine. A.C.A. § 21-8-202. Act 849 must, therefore, be interpreted strictly, resolving any doubt in favor of the defendant. See, e.g.,Donaldson v. State, 370 Ark. 3, 257 S.W.3d 74 (2007). *Page 4 
My interpretation, that Act 849 does not require disclosure of professional or consulting fees paid by private parties, follows that general rule of statutory interpretation.
Assistant Attorney General J. M. Barker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:JMB/cyh
[1] I assume for purposes of this opinion the accuracy of the statement in your request to the effect that court reporters are employed by the state on a regular salary basis for purposes of Act 849. I further assume for purposes of this opinion that amounts referred to in your request as "transcript fees" are "fees or payments for professional or consultant services" for purposes of Act 849. *Page 1