
SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-14-1081

| | | |
|---|---|---|
| J.P.<br><div align="right">APPELLANT</div> | | **Opinion Delivered:** May 6, 2015 |
| V. | | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO.J-14-190] |
| STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | | HONORABLE THOMAS E. SMITH, JUDGE |
| | | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's disposition order in her juvenile delinquency case. On appeal, her sole argument is that the trial court erred by imposing an illegal sentence. We affirm.

Appellant and her mother entered a Kohl's department store in Rogers, Arkansas, on three different occasions.[1] On each occasion, appellant would enter with a visibly empty bag; select clothing; enter the dressing room, where she would remain for no more than two minutes; exit the dressing room with no merchandise, but a visibly larger bag; and then return merchandise from her now visibly larger bag to the store at its point-of-sale register for a merchandise credit card. Appellant always returned the merchandise by herself.

---

[1]The dates were February 16, 2013; February 23, 2013; and March 5, 2013.

Because there was no receipt for the merchandise on any occasion, appellant was required to provide identification to complete the returns. She provided her driver's license. She was identified by the store's loss-prevention supervisor via the excessive number of returns to the store without a receipt under her driver's license number. Her thefts on each occasion were verified by video. She was apprehended and detained on March 22, 2013, when appellant and her mom completed the same actions and attempted to return the stolen merchandise.

A delinquency petition for one count of theft of property, a Class A misdemeanor, was filed on March 10, 2014.[2] A trial was held on the matter on July 16, 2014. At its conclusion, ruling from the bench, the circuit court stated that is was "going to defer finding [appellant] guilty for three months. Pay court costs of $35. Pay a fine of $100." The court then set a review hearing for October 8, 2014, informing appellant that "if [she stays] out of trouble, and pay[s] that, [the court will] probably just dismiss the case at that time." Appellant was required to report to probation during the intervening three months before the review hearing. In its August 5, 2014 order, the circuit court found appellant guilty of theft of property, a Class A misdemeanor; placed appellant on probation for three months; and further ordered her to "pay Court Costs of thirty-five dollars ($35.00) and

---

[2]There was a "glitch" in the system at the Rogers Police Department (RPD), which caused Kohl's theft reports not to be assigned to detectives. By the time the RPD recognized the problem, speedy-trial time limitations had run on appellant's February 16, 2013 theft. Though discussed at trial, with video provided, it appears that the February 23, 2013 theft was not reported to the RPD, as Officer Jeffrey Lane testified to being dispatched to Kohl's on March 20, 2013, for delayed shoplifting reports for incidents occurring on February 16, 2013, and March 5, 2013. Accordingly, the State was able to prosecute only the March 5, 2013 theft. *See* Ark. R. Crim. P. 28.1 (2014).

restitution to Benton County in lieu of a fine in the amount of one hundred dollars ($100.00)." This timely appeal followed.

An issue of an illegal sentence goes to subject-matter jurisdiction, and we may review the issue whether or not an objection was made in the circuit court.[3] A sentence is void or illegal when the court lacks authority to impose it.[4]

Referring to the circuit court's ruling from the bench, appellant asserts that the court entered an illegal sentence against her for deferring her delinquency-finding, but imposing a sentence on her nonetheless. Her argument is in error as it ignores the circuit court's written order.

If a juvenile is found to be delinquent, the circuit court may enter an order making any of the following dispositions, among other listed actions, based upon the best interest of the juvenile:

1. Place the juvenile on probation under those conditions and limitations that the court may prescribe pursuant to Arkansas Code Annotated section 9-27-339(a),[5]

2. Assess a court cost of no more than thirty-five dollars to be paid by the juvenile, his or her parent, both parents, or his or her guardian,[6] and

3. Order restitution to be paid by the juvenile, a parent, both parents, the guardian, or his or her custodian.[7]

---

[3] *Richie v. State*, 2009 Ark. App. 522, at 1–2, 337 S.W.3d 529, 530 (citing *Donaldson v. State*, 370 Ark. 3, 257 S.W.3d 74 (2007)).

[4] *Id.*, at 2, 337 S.W.3d at 530 (citing *Donaldson*, 370 Ark. 3, 257 S.W.3d 74).

[5] Ark. Code Ann. § 9-27-330(a)(4)(A) (Repl. 2009).

[6] Ark. Code Ann. § 9-27-330(a)(6).

[7] Ark. Code Ann. § 9-27-330(a)(7).

The circuit court did orally state that it was deferring a finding of delinquency before orally sentencing appellant three months' probation, ordering her to pay to $35 for court costs, and ordering her to pay a fine of $100. However, the circuit court's written order included a finding of guilt of theft of property, a Class A misdemeanor, thereby finding appellant delinquent, before ordering the same court costs, $100 in restitution, and three months' probation. When there is a discrepancy between the judgment and commitment order and the pronouncement of sentence, it is the entered judgment and commitment order that controls.[8] Because the court adjudicated appellant delinquent in its written order, the sentence it imposed was not illegal.

Affirmed.

VAUGHT and HOOFMAN, JJ., agree.

*Rosalyn A. Watts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

---

[8] *Vance v. State*, 2011 Ark. 243, at 35, 383 S.W.3d 325, 347 (citing *Stenhouse v. State*, 362 Ark. 480, 209 S.W.3d 352 (2005) (citing *Johninson v. State*, 330 Ark. 381, 953 S.W.2d 883 (1997), and Ark. Sup. Ct. Admin. Order No. 2 (2005))).