# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–16–735

| | | |
|---|---|---|
| LAWRENCE HANDY | | **Opinion Delivered:** February 1, 2017 |
| | APPELLANT | |
| V. | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NOS. 18CR-98-749, 18CR-98-750, 18CR-11-716, 18CR-16-84] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE RANDY F. PHILHOURS, JUDGE |
| | | AFFIRMED |

**WAYMOND M. BROWN, Judge**

Appellant appeals from the circuit court's revocation of his probation. On appeal, he argues that the circuit court erred in (1) refusing his proffered jury instructions and incorrectly instructing the jury regarding sentencing, and (2) imposing a sentence upon revocation that it could not have originally imposed. We affirm.

On September 8, 1998, appellant was charged by information with one count of residential burglary, a Class "B" felony; and one count of theft of property, a Class "C" felony, in case number CR-98-750, due to an incident arising on August 5, 1998. On the same date, in case number CR-98-749, appellant was charged by information with one count of residential burglary, a Class "B" felony; and one count of theft of property, a Class "C" felony, due to an incident arising on a different date. Appellant's signed guilty plea

statement was filed on September 11, 1998.[1] He was sentenced to 240 months' suspended imposition of sentence (SIS) each on the residential burglary charges in case numbers CR-98-749 and CR-98-750, and 120 months' SIS each on the theft-of-property charges in case numbers CR-98-749 and CR-98-750. This was reflected in the circuit court's order entered on September 11, 1998.

On October 9, 2002, appellee filed a petition for revocation of suspension in case number CR-98-749, alleging seven violations of the conditions of his SIS by appellant. On December 2, 2002, an order of nolle prosequi was entered as to that petition.

On January 23, 2007, appellee filed a petition for revocation of suspension in case numbers CR-98-749 and CR-98-750, alleging eight violations of the conditions of his SIS by appellant, including being charged with aggravated burglary in case number CR-06-1524, aggravated burglary in case number CR-06-1525, and burglary. Appellant's guilty plea statement was signed and filed on January 8, 2008. Pursuant to appellant's plea, he was sentenced to 120 months' imprisonment in the Arkansas Department of Correction (ADC) on the revocation of the theft charge as reflected in the circuit court's January 8, 2008 judgment and commitment order. The revocation petition was nolle prossed as to the burglary charges in case numbers CR-98-749 and CR-98-750 in an order entered on the same date.

On June 21, 2011, appellant was charged by criminal information in case number CR-11-716, with one count of residential burglary, a Class "B" felony; and one count of theft of property, a Class "C" felony, due to an incident arising on June 17, 2011. Appellant's

---

[1] Appellant signed the same on September 10, 1998.

guilty plea statement was signed and filed on August 26, 2011. In the circuit court's judgment and commitment order filed on the same date, appellant was sentenced to 120 months' imprisonment on the residential-burglary charge and 120 months' SIS on the theft charge pursuant to his plea agreement.

On May 23, 2013, appellee filed a petition to revoke appellant's SIS in case number CR–11–716, alleging that he had violated four conditions of his SIS, including committing the offenses of residential burglary and theft of property in case number CR–13–483. In its June 20, 2013 sentencing order, pursuant to his plea agreement, appellant was sentenced to 120 months' SIS on the theft charge in case number CR–13–483. The residential-burglary charge in case number CR–13–483 and the theft-of-property charge in case number CR–11–716 were both nolle prossed.

On January 29, 2016, appellee filed a petition to revoke appellant's SIS in case number CR–11–716, alleging that he had violated four conditions of his SIS: (1) failed to pay fines, costs and fees as directed; (2) failed to live a aw-abiding life, be of good behavior, and not violate any state, federal or municipal law; (3) committed the misdemeanor offense of theft of property on November 13, 2015; and (4) committed the offense of residential burglary on November 13, 2015, in case number CR–16–84. On May 9, 2016, appellee filed an amended petition to revoke appellant's SIS in case numbers CR–98–749 and CR–98–750, in addition to case number CR–11–716. On May 11, 2016, appellee filed an amended information seeking sentencing of appellant as a habitual offender due to his having nine felony convictions—four of which were classified as violent felonies under Arkansas Code Annotated section 5-4-501(d) as amended—including a Class "C" felony conviction

for forgery in case number CR-02-84, and an additional felony not already listed in three separate cases not already listed herein.[2]

At the May 12, 2015 trial, the circuit court submitted appellee's proffered jury instructions to the jury, which were as follows:

> In your deliberations you may consider the possibility that [appellant] will be paroled. Eligibility for parole or transfer is as follows. Residential burglary is punishable by a term of years. If you sentence [appellant] to a term of years, he will be eligible for parole after he reaches the age of 55, and his regular parole or transfer eligibility date.

> The State has also alleged that [appellant] is a violent felony habitual offender. He has previously been convicted of four violent felonies, residential burglary. The offense of residential burglary as a violent felony habitual offender is punishable by imprisonment in the Arkansas Department of Correction for a term of thirty to sixty years, and-or a fine of up to $15,000.

Appellant was found guilty and sentenced by a jury to 720 months' imprisonment in the ADC on his residential-burglary charge in case number CR-16-84, 120 months' imprisonment on his theft-of-property charge in case number CR-98-716, 240 months' imprisonment on his residential-burglary charge in case number CR-98-749, and 240 months' imprisonment on his residential-burglary charge in case number CR-98-750. This was reflected in the circuit court's May 12, 2016 sentencing order. This timely appeal followed.

Appellant argues on appeal that the circuit court erred in (1) refusing his proffered jury instructions and in incorrectly instructing the jury regarding sentencing, and (2)

---

[2] Appellant pled guilty to theft in case number CR-95-217; second-degree escape in case number CR 95-620; and theft by receiving in case number CR-95-620. Appellant pled guilty in each case except case number CR-16-84, in which he was found guilty and sentenced by a jury.

imposing a sentence upon revocation that it could not have originally imposed and should be reversed. This court necessarily addresses both arguments simultaneously.

A circuit court's ruling on whether to submit a jury instruction will not be reversed absent an abuse of discretion.[3] Appellant argues that the circuit court erred in accepting appellee's proffered instructions because those instructions included a sentencing range that, according to appellant, did not apply to him. And since the sentencing range in the jury instructions did not apply to appellant, the argument goes, the sentence he received was illegal because it was for a period longer that he initially could have received.

Appellee sought sentencing of appellant as a habitual offender pursuant to Arkansas Code Annotated section 5-4-501(d), which states:

> (d)(1) A defendant who is convicted of a felony involving violence enumerated in subdivision (d)(2) of this section and who previously has been convicted of two (2) or more of the felonies involving violence enumerated in subdivision (d)(2) of this section may be sentenced to pay any fine authorized by law for the felony involving violence conviction and shall be sentenced to an extended term of imprisonment without eligibility for parole or community correction transfer except under § 16-93-615 as follows:
>
> . . . .
>> (C) For a conviction of a Class B felony or for a conviction of an unclassified felony punishable by life imprisonment, a term of imprisonment of not less than thirty (30) years nor more than sixty (60) years[.][4]

Appellant did not object to being sentenced as a habitual offender; he sought sentencing pursuant to Arkansas Code Annotated section 5-4-501(b). With the enhancement imposed

---

[3] *Sipe v. State*, 2012 Ark. App. 261, at 6–7, 404 S.W.3d 164, 169 (citing *Jones v. State*, 2012 Ark. 38, 388 S.W.3d 411).

[4] Ark. Code Ann. §§ 5-4-501(d)(1) & (d)(2)(C) (Supp. 2015).

by Arkansas Code Annotated section 5-4-501(b), appellant would have faced a significantly lower sentencing range of five to forty years, as was stated in his proffered jury instructions.[5]

At issue here is a change to Arkansas Code Annotated section 5-4-501(d)(2)(A), which became effective on April 1, 2015. Prior to April 1, 2015, residential burglary was not deemed to be a "felony involving violence."[6] However, beginning on April 1, 2015, residential burglary was included in the list of crimes considered to be a "felony involving violence."[7] This change serves as the basis of appellant's argument, for he argues that none of his prior felony residential burglaries should have counted toward his habitual-offender status under section 5-4-501(d)(2) because they all occurred prior to the effective date of the amendment to the statute. He argues that he should have been sentenced under section 5-4-501(b)(2), but was instead sentenced under section 5-4-501(d)(2), causing him to be sentenced illegally because sixty years' imprisonment was more than he could have been sentenced to under section 5-4-501(b)(2).[8] Appellee addresses appellant's argument, in part, as if it is an ex post facto argument. It does so in error.

We strictly construe criminal statutes and resolve any doubts in favor of the defendant.[9] There is no better settled rule in criminal jurisprudence than that criminal

---

[5] Ark. Code Ann. §§ 5-4-501(b)(1) & (b)(2)(C).

[6] *See* Ark. Code Ann. § 5-4-501(d)(2)(A) (Repl. 2013).

[7] Ark. Code Ann. § 5-4-501(d)(2)(A)(xi).

[8] We note that as stated, appellant's argument is not an ex post facto argument.

[9] *Smith v. State*, 352 Ark. 92, 101, 98 S.W.3d 433, 438 (2003) (citing *Williams v. State*, 347 Ark. 728, 67 S.W.3d 548 (2002); *Sansevero v. State*, 345 Ark. 307, 45 S.W.3d 840 (2001); *Hagar v. State*, 341 Ark. 633, 19 S.W.3d 16 (2000)).

statutes must be strictly construed and pursued.[10] Nothing is taken as intended which is not clearly expressed.[11]

Both the United States and Arkansas Constitutions prohibit the enactment of any law which imposes punishment on a person for an act done that was not punishable at the time it was committed or which increases or imposes additional punishment than what was prescribed for that act when it was committed.[12] This constitutes the ex post facto prohibition. To fall within the ex post facto prohibition, the law must be retroactive, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.[13] Furthermore, the change in the law must have altered substantial personal rights, not merely modes of procedure that do not affect matters of substance.[14]

Arkansas Code Annotated section 5–4–501(d)(1) explicitly refers to a defendant "who previously has been convicted of two (2) or more of the felonies involving violence enumerated in subdivision (d)(2)[,]" which includes residential burglary. From this language, it is clear that a *conviction,* enhanced under the statute in its current state, must have occurred

---

[10] *Id.*

[11] *Smith v. State*, 352 Ark. 92, 101, 98 S.W.3d 433, 439 (2003) (citing *Graham v. State*, 314 Ark. 152, 861 S.W.2d 299 (1993); *Hales v. State*, 299 Ark. 93, 771 S.W.2d 285 (1989)).

[12] *McGhee v. State*, 82 Ark. App. 105, 108, 112 S.W.3d 367, 369 (2003) (citing U.S. Const. Art I, §§ 9 and 10; Ark. Const. Art. 2, § 17).

[13] *Id.* (citing *Bowen v. State*, 322 Ark. 483, 911 S.W.2d 555 (1995)).

[14] *Id.*

*after* the effective date of the statute; a revocation cannot be enhanced under this statute. It is clear that the enhancement will apply only to the new conviction and not any prior convictions. And finally, it is clear that this statute does not require that all convictions included in determining the applicability of the enhancement occur after the effective date of the statute; only that they be violent felony convictions committed by the appellant. Nothing in the language of the statute limits counted violent felony convictions to those occurring after the effective date of the statute. Appellant committed four felonies that are now classified as violent felonies. Appellant does not question whether, or deny that, he committed the felonies. Accordingly, though addressed by appellee—despite having not been explicitly raised by appellant—it is clear that no ex post facto violation argument could be supported by the facts of this case.[15]

This court agrees with appellee that appellant's argument before this court is based on notice, as it was below, despite appellant's due-process reference:

> Well, you're not giving him due process because, first of all, 16-93-609 hasn't been modified since 2001. Subsection "b" of that says if you commit a violent felony offense, and have previously been found guilty of a violent felony offense, you shall not be eligible for parole. And then it defines violent felony offenses under 5-4-501(d)(2), which says a felony involving violence means residential burglary. So therefore what he gets today is going to be day-for-day according to the statute. That's a violation of due process. He's not been given any notice of this just a conviction on his residential burglaries. He has not had one since August 26, 2011, which is over five years ago. They changed it last year.

---

[15] Though slightly vague in exactly what he is arguing, this court notes that appellant never expressly makes an ex post facto argument.

While appellant was not on notice that a change to the statute was pending, he was on notice when the statute became effective on April 1, 2015.[16] In *Hunter v. State*, this court stated that "[t]he habitual criminal statute was not designed as a deterrent, but is simply a punitive statute which provides in clear language that, in an appropriate case, a prior conviction, regardless of the date of the crime, may be used to increase punishment."[17] The statute clearly distinguishes between the conviction being enhanced, which must have occurred after June 30, 1983, and the "previous" conviction(s) used for enhancement purposes of the new conviction, for which no limitation period is stated.[18]

It is clear that appellant was not sentenced illegally. Appellant was sentenced to ten years' imprisonment in the revocation of his theft-of-property charge in case number CR-11-716, though he faced a maximum of twenty years' imprisonment on the original charge; and was sentenced to the twenty-year maximum in the revocation of the residential-burglary charges in case numbers CR-98-749 and CR-98-750. Only the sentence for the new residential-burglary charge in case number CR-16-84 was enhanced, for he faced a maximum of twenty years' imprisonment on the charge, but because he was sentenced as a habitual offender under the amended Arkansas Code Annotated section 5-4-501(d)(2), his sentence could have been and was increased to the permitted sixty-year maximum. Because

---

[16] *Williams v. State*, 346 Ark. 304, 309, 57 S.W.3d 706, 710 (2001) (citing *Crail v. State*, 309 Ark. 120, 827 S.W.2d 157 (1992) ("It is well settled that ignorance of the law or lack of knowledge of a legal requirement is never an excuse to a criminal charge.")).

[17] *Hunter*, 8 Ark. App. 283, 283–J, 653 S.W.2d 159, 164 (1983) (citing *Washington v. State*, 273 Ark. 482, 621 S.W.2d 216 (1981)).

[18] *Spivey v. State*, 25 Ark. App. 269, 272, 757 S.W.2d 186, 188 (1988).

we hold that there was no notice issue to appellant with regard to the increased penalty made by the change to Arkansas Code Annotated section 5-4-501(d)(2), and we find that there is no ex post facto violation presented by the facts of this case, we must necessarily find that the sentence imposed on appellant was not illegal.[19]

Affirmed.

GRUBER, C.J., and GLADWIN, J., agree.

*Tyler C. Ginn*, for appellant.

No response.

---

[19] This court notes that appellee is correct that appellant did not raise his illegal-sentence argument below but that this court was still permitted to address it. It is well settled that an appellant may challenge an illegal sentence for the first time on appeal, even if he did not raise the argument below. *VanOven v. State*, 2011 Ark. App. 46, at 3, 380 S.W.3d 507, 510 (citing *Donaldson v. State*, 370 Ark. 3, 5, 257 S.W.3d 74, 76 (2007)). The issue of a void or illegal sentence is an issue of subject-matter jurisdiction, which we may review whether or not an objection was made in the trial court. *Id.* (citing *Donaldson*, 370 Ark. at 5, 257 S.W.3d at 76). A sentence is void or illegal when the trial court lacks authority to impose it. *Id.* (citing *Donaldson*, 370 Ark. at 5, 257 S.W.3d at 76).