Cite as 2019 Ark. 286

# SUPREME COURT OF ARKANSAS

**No.** CR-18-460

| | |
|---|---|
| ANDWELLE SIEED ELLIS<br><div align="right">APPELLANT</div> | **Opinion Delivered:** October 17, 2019 |
| V. | APPEAL FROM THE JACKSON COUNTY CIRCUIT COURT [NO. 34CR-16-55] |
| STATE OF ARKANSAS | |
| <div align="right">APPELLEE</div> | HONORABLE HAROLD S. ERWIN, JUDGE |
| | AFFIRMED IN PART; REVERSED AND REMANDED IN PART. |

**ROBIN F. WYNNE, Associate Justice**

Andwelle Sieed Ellis was tried by a Jackson County Circuit Court jury and found guilty of first-degree murder, a terroristic act causing death (Class Y felony), and twenty-eight counts of terroristic acts (Class B felony).[1] In addition, Ellis was subject to enhanced penalties pursuant to Arkansas Code Annotated section 16-90-120 (Repl. 2016) ("firearm enhancement"). He was sentenced to life imprisonment for the first-degree murder plus consecutive sentences of forty years for the terroristic act causing death, five years each on the twenty-eight counts of terroristic acts, and one year each on the twenty-nine firearm enhancements, for a total sentence of life plus 209 years' imprisonment. On appeal, Ellis

---

[1]Under Arkansas Code Annotated section 5-13-310(b)(2), a terroristic act is a Class Y felony "if the person with the purpose of causing physical injury to another person causes serious physical injury or death to any person." Otherwise, any person who commits a terroristic act is guilty of a Class B felony. *See* Ark. Code Ann. § 5-13-310(b)(1) (Repl. 2013).

argues that his sentence of twenty-nine years under the firearm-enhancement statute is illegal and should be struck; he further argues that his sentences for the terroristic act causing death and the terroristic acts should be ordered to run concurrently, rather than consecutively, to his sentence for first-degree murder. As set out below, we reverse and strike the firearm enhancements, and we remand for entry of a corrected sentencing order consistent with this opinion. In all other respects, appellant's convictions and sentences are affirmed.

## I. *Firearm Enhancements*

Our firearm-enhancement statute provides: "Any person convicted of any offense that is classified by the laws of this state as a felony who employed any firearm of any character as a means of committing or escaping from the felony, in the discretion of the sentencing court, may be subjected to an additional period of confinement in the Division of Correction for a period not to exceed fifteen (15) years." Ark. Code Ann. § 16-90-120(a). Appellant argues that his sentence to an additional twenty-nine years for firearm enhancements was void or illegal because the jury found him guilty of a firearm enhancement only as a means of committing murder in the first degree (Count 1) but sentenced him to firearm enhancements as a means of committing terroristic acts (Counts 2–30). When the case was submitted to the jury during the guilt phase, the jury was given a single firearm-enhancement verdict form stating in pertinent part:

> Do you, the Jury, find beyond a reasonable doubt, that Andwelle Ellis or an accomplice employed a firearm *as a means of committing* **Murder in the First Degree**.

2

(Emphasis added.) The jury foreperson marked "yes" and signed the verdict form. In the sentencing phase, however, the jury completed twenty-nine separate verdict forms stating:

> We, the Jury, find that Andwelle Ellis employed a firearm *as a means of committing a* **Terroristic Act**, count[s] [2–30], fix his sentence at a term of _____ in the Arkansas Department of Correction.

(Emphasis added.) Under the blank line, the jury was instructed that the firearm-enhancement sentence was "not to exceed 15 years," and the jury sentenced appellant to one year for each enhancement.[2] The jury recommended that none of the terms of imprisonment be consecutive. However, the firearm-enhancement statute states that any period of confinement imposed under that section "shall be in addition to any fine or penalty provided by law as punishment for the felony itself. Any additional prison sentence imposed under the provisions of this section, if any, shall run consecutively and not concurrently with any period of confinement imposed for conviction of the felony itself." Ark. Code Ann. § 16-90-120(b).

It is well settled that an appellant may challenge the imposition of an illegal sentence for the first time on direct appeal, even if he did not raise the argument below. *See Richie v. State*, 2009 Ark. 602, at 4, 357 S.W.3d 909, 912. Specifically, this court views an issue of a void or illegal sentence as being an issue of subject-matter jurisdiction, which we may review whether or not an objection was made in the trial court. *Id*. A sentence is void or illegal when the trial court lacks the authority to impose it. *Hart v. State*, 2014 Ark. 250, at 4. Here,

---

[2]No stage-two verdict form was submitted to the jury for sentencing for employing a firearm as a means of committing murder in the first degree, and no sentence was imposed for employing a firearm as a means of committing murder in the first degree.

3

the State argues that appellant's sentence is not illegal because the sentence is within the statutory maximum. The State cites *Atkins v. State*, 2014 Ark. 393, 441 S.W.3d 19 (per curiam), for the proposition that if a sentence is within the limits set by statute, it is legal. However, this court has clarified that on direct appeal, "for purposes of appellate review, the issue of an illegal sentence is not solely whether it is within the prescribed statutory range, but whether the trial court had the authority to impose the sentence." *Donaldson v. State*, 370 Ark. 3, 6, 257 S.W.3d 74, 77 (2007); *see also Walden v. State*, 2014 Ark. 193, 433 S.W.3d 864 (citing *Donaldson*); *Glaze v. State*, 2011 Ark. 464, at 7, 385 S.W.3d 203, 209 ("On review of the legality of a sentence, we must determine whether the trial court had the authority to impose a particular sentence and not whether the sentence is illegal on its face or within the prescribed statutory range."). Because appellant challenges the authority of the trial court to impose sentence on the firearm enhancements, we will address appellant's argument.

We turn now to the merits. It is axiomatic that in order to impose a sentence in the second phase of a bifurcated trial, the jury must make a finding of guilt during the first phase. "A person commits a terroristic act if, while not in the commission of a lawful act, the person: (1) Shoots at or in any manner projects an object at a conveyance which is being operated or which is occupied by another person with the purpose to cause injury to another person or damage to property; or (2) Shoots at an occupiable structure with the purpose to cause injury to a person or damage to property." Ark. Code Ann. § 5-13-310(a) (Repl. 2013). Thus, under the statute, use of a firearm is not required for committing a terroristic

4

act—projecting an object "in any manner" is also a means of committing a terroristic act.[3] The State argues that the jury "essentially" found that appellant used a firearm in the commission of committing a terroristic act when it found him guilty on twenty-nine counts of terroristic act. We nonetheless must require a clear finding. Because the jury did not find beyond a reasonable doubt that appellant employed a firearm as a means of committing terroristic acts, we reverse appellant's twenty-nine one-year sentences imposed as firearm enhancements, and we remand with instructions for the court to enter a corrected sentencing order consistent with this opinion.

## II. *Concurrent or Consecutive Sentences*

Arkansas Code Annotated section 5-4-403 (Repl. 2013) provides that sentences of imprisonment "shall run concurrently unless, upon recommendation of the jury or the court's own motion, the court orders the sentences to run consecutively." Here, the jury recommended that all of appellant's sentences run concurrently. When reviewing the verdict forms in front of the jury, the trial court acknowledged that the jury recommended concurrent sentences and stated in regard to the firearm enhancements, "I will have to see about that as it may be by operation of law[.]" The sentencing order provides that, in addition to the firearm-enhancement sentences running consecutively, appellant's convictions for the terroristic act causing death (Count 2) and the terroristic acts (Counts 3–30) are consecutive to his conviction for murder in the first degree (Count 1).

---

[3]Thus, this case is distinguishable from *Martinez v. State*, 2019 Ark. 85, 569 S.W.3d 333. In *Martinez*, the finding of guilt on the substantive charge of unlawful discharge of a firearm from a vehicle, Class Y felony, necessarily included a finding that the defendant had used a firearm in the commission of a felony.

On appeal, appellant argues that, on the basis of the trial court's statements from the bench, only the firearm-enhancement sentences were ordered to be consecutive on the court's own motion. He asks this court to remand to correct his sentencing order to reflect that his forty-year sentence on Count 2 and his five-year sentences for Counts 3–30 run concurrently to Count 1. However, when there are differences between the oral ruling and the written order, the trial court's written order controls. *State v. Williams*, 2013 Ark. 164, at 5. Furthermore, the trial court is not bound by a recommendation of the jury concerning whether multiple sentences will run concurrently or consecutively. *See* Ark. Code Ann. § 5-4-403(d). Quite simply, the written order controls, and we see no reversible error on this point.

## III. *Rule 4-3(i) Review*

In compliance with Arkansas Supreme Court Rule 4-3(i), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant. Other than the error outlined above concerning the firearm enhancements, no prejudicial error has been found.

## IV. *Conclusion*

Appellant's convictions and sentences for murder in the first degree (Count 1), a terroristic act causing death (Class Y felony; Count 2), and the terroristic acts (Class B felony; Counts 3–30) are affirmed. Appellant's firearm enhancements are reversed, and we remand for entry of a corrected sentencing order consistent with this opinion.

Affirmed in part; reversed and remanded in part.

HART, J., concurs.

6

WOMACK, J., dissents in part and concurs in part.

**JOSEPHINE LINKER HART, Justice, concurring.** I agree that the sentences for twenty-nine counts of firearm enhancement are illegal. However, in my view, the sentence is illegal because it offends the Fifth Amendment's Double Jeopardy Clause and its counterpart in the Arkansas Constitution, article 2, section 8. Both clauses proscribe multiple punishments for the same offense. Under the facts of this case, the firearm enhancements are not constitutionally permissible.

While I am mindful that Arkansas Code Annotated section 5-13-310(a) contemplates an alternative means of committing a terroristic act that does not require the use of a firearm, the jury was instructed only as follows:

> AMCI 2d 1312
> Andwelle Ellis is charged with 29 counts of committing a Terroristic Act. To sustain these charges the State must prove beyond a reasonable doubt that, while not in the commission of a lawful act and with the purpose of causing injury to another person or damage to property, Andwelle Ellis or an accomplice *shot* at a conveyance that was being operated or that was occupied by another person or other persons or *shot* at an occupiable structure.

(Emphasis added.) It is axiomatic that a person cannot "shoot" without a firearm. So, during the guilt phase, the jury did find beyond a reasonable doubt that Mr. Ellis used a firearm to commit a terroristic act. Herein lies the problem.

The *actus reus* of the substantive charge—committing a terroristic act—requires the use of a firearm as one of the elements of the charge. Accordingly, Mr. Ellis's sentences for twenty-nine counts of committing a terroristic act—180 years—punished him for the use of a firearm to commit the offense. The so-called firearm enhancement, codified at Arkansas Code Annotated section 16-90-120(a), is constitutionally infirm as applied to Mr. Ellis

7

because the use-of-a-firearm enhancement again punished him in those twenty-nine counts of committing a terroristic act. Because section 16-90-120(a) applies only to a felony conviction, it necessarily requires all the elements for that conviction in addition to the use of a firearm. But when one of the elements of a felony, as in the case before us, *is* the use of a firearm, the Double Jeopardy Clause is implicated. With all due respect to the dissenting justice, the Constitution is the supreme law of the land, not the pronouncements of the General Assembly.

In the venerable case of *Blockburger v. United States*, 284 U.S. 299 (1932), the Supreme Court promulgated that same-elements test in order to determine whether the same act violates two separate statutory provisions, and thus the Double Jeopardy Clause. The *Blockburger* Court stated:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . . [A] single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

284 U.S. at 304 (citations omitted). Obviously, in the case before us, the elements of the underlying felony are the same in both the substantive charge and the enhancement. Use of a firearm is one of those elements. Applying the same-element test, as we must, the inevitable conclusion is that the firearm enhancement violates the Double Jeopardy Clause. *Id*. For that reason, the additional twenty-nine years imposed pursuant to the firearm enhancement constitutes an illegal sentence.

I concur.

**SHAWN A. WOMACK, Justice, dissenting in part and concurring in part.**

Because a terroristic act may be committed without a firearm, the majority concludes that the jury did not clearly find that Andwelle Ellis employed a firearm as a means of committing the twenty-nine terroristic acts. For that reason, the majority reverses the twenty-nine firearm enhancements imposed by the jury. I do not believe this conclusion is supported by the record and would affirm the sentences imposed as firearm enhancements. I also write to briefly respond to Justice Hart's assertion that imposition of the firearm enhancements would violate the Double Jeopardy Clause.

A person commits a terroristic act if he "shoots at or in any manner projects an object at a conveyance which is being operated or which is occupied by another person" or if he "shoots at an occupiable structure[.]" *See* Ark. Code Ann. § 5-13-310(a). The use of a firearm is thus not required to commit a terroristic act. But the jury was instructed only to determine whether Ellis or an accomplice "*shot* at a conveyance that was being operated or that was occupied by another person or other persons or *shot* at an occupiable structure." *See* R. 737–39 (emphasis added). The jury convicted Ellis of twenty-nine counts of terroristic act under this instruction.

At the same time, the jury was also instructed to determine whether Ellis employed a firearm as a means of committing the terroristic acts. But no verdict was rendered on the issue during the guilt phase. At sentencing, however, the jury found that Ellis employed a firearm as a means of committing the terroristic acts and recommended a one-year firearm enhancement for each of the twenty-nine counts. *See* Ark. Code Ann. § 16-90-120.

9

I believe our recent decision in *Martinez v. State* is instructive. There, the defendant was convicted of capital murder and unlawful discharge of a firearm. 2019 Ark. 85, 569 S.W.3d 333. At sentencing, the jury recommended a firearm enhancement even though it had not rendered a verdict on the enhancement. *Id.* We concluded that the capital murder and unlawful discharge convictions required the jury to find beyond a reasonable doubt that the defendant used a firearm in the commission of the capital murder. *Id.* Because the sentence enhancement is not a substantive offense, these findings of guilt were sufficient to trigger the application of the firearm enhancement statute. *Id.*

So too here. Even though the terroristic act statute does not require use of a firearm, the jury found beyond a reasonable doubt that Ellis "shot at a conveyance . . . or shot at an occupiable structure." By convicting Ellis on these charges, the jury found that he employed a firearm as a means of committing terroristic acts. Moreover, like *Martinez*, the information alleged that Ellis used a firearm in the commission of a felony. Under the facts presented, I believe the twenty-nine firearm enhancements are legal.

Contrary to Justice Hart's view, the firearm enhancement sentences do not violate double jeopardy under *Blockburger v. United States*, 284 U.S. 299 (1932). The Double Jeopardy Clause protects against multiple punishments for the same conviction. *See Garrett v. United States*, 471 U.S. 773, 776 (1985). However, the clause "does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). *Blockburger* establishes a rule of statutory construction to determine legislative purpose absent clear legislative intent. *Id.* at 367–68. But the *Blockburger* rule is not controlling when legislative intent is evident. *Garrett*, 471 U.S.

10

at 779. Where the legislature "specifically authorizes cumulative punishments under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*, a court's task of statutory construction is at an end." *Hunter*, 459 U.S. at 368–69; *see Ohio v. Johnson*, 467 U.S. 493, 499 n.8 (1984) (same). Cumulative punishments may then be imposed without running afoul of double jeopardy. *Id.*

In *Hunter*, the defendant was convicted of robbery in the first degree by means of a dangerous or deadly weapon. *Id.* at 362. State law provided that any person who committed a felony with or through the use of a dangerous or deadly weapon was also guilty of armed criminal action and subject to an additional sentence. *Id.* Because the legislature clearly authorized the cumulative punishments, the Court held that imposition of such sentence did not violate double jeopardy. *Id.* at 368. That the statutes failed the *Blockburger* test was of no consequence in light of the clear legislative intent. *Id.*

We have recognized that the legislature, and not the courts, prescribes the scope of crimes and punishment. *See Rowbottom v. State*, 341 Ark. 33, 39, 13 S.W.3d 904, 908 (2000). By extension, the legislature has the authority to impose cumulative punishments for the same conduct. *Id.* In an exercise of that power, the General Assembly clearly authorized the imposition of multiple punishments for a felony offense under the firearm enhancement statute. *See Williams v. State*, 364 Ark. 203, 208–09, 217 S.W.3d 817, 820 (2005); Ark. Code Ann. § 16-90-120(a)–(b). Indeed, the statute provides that

> (a) Any person convicted of any [felony] offense . . . who employed any firearm of any character as a means of committing or escaping from the felony, in the discretion of the sentencing court, may be subjected to an *additional* period of confinement[.]

11

(b) The period of confinement, if any, imposed under this section shall be *in addition to any fine or penalty provided by law as punishment for the felony itself.* Any additional prison sentence imposed under the provisions of this section, if any, shall run consecutively and not concurrently with any period of confinement imposed for the conviction of the felony itself.

*Id.* (emphasis added). The italicized language clearly indicates that a firearm enhancement may be cumulatively imposed with the sentence for the predicate felony conviction. The legislative intent is further evinced by the requirement that any additional sentence run consecutive, rather than concurrent, to the sentence imposed for the underlying conviction.

Ellis's terroristic act convictions and firearm enhancements were both based on the use of a firearm. These "same elements" are alleged to violate *Blockburger.* But that analysis goes a step too far. Given the legislature's clear authorization of cumulative punishments, *Blockburger*'s "same elements" test is irrelevant here. *See Hunter*, 459 U.S. at 368–69. Ellis's firearm enhancement sentences are consistent with legislative intent and do not violate double jeopardy. I would accordingly affirm the jury's lawful imposition of the twenty-nine one-year sentences.

I concur with the remainder of the majority's decision.

*John Wesley Hall* and *Sarah M. Pourhosseini*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.