Cite as 2025 Ark. App. 476

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-24-854

| | | |
|---|---|---|
| NICHOLAS MILLS | | Opinion Delivered October 8, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. 58CR-23-661] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JAMES DUNHAM, JUDGE |
| | | |
| | | AFFIRMED; REMANDED TO CORRECT SENTENCING ORDER |

**MIKE MURPHY, Judge**

Appellant Nicholas Mills pleaded guilty to one count of manslaughter as a habitual offender with six prior felony convictions and agreed to be sentenced by jury pursuant to Arkansas Code Annotated section 16-97-101(6) (Repl. 2016). Mills was sentenced to 299 months' imprisonment and one month suspended imposition of sentence (SIS). He was also fined $10,000. On appeal, Mills argues the court abused its discretion by permitting the decedent's sister to testify about the decedent's hearsay statements and by imposing an illegal attorney's fee of $1,500 and an illegal postconviction no-contact order. We affirm.

On August 29, 2023, Mills drove his motorcycle at a high speed, causing an accident that killed his passenger—his girlfriend. A sentencing trial was held on May 21, 2024. Officer Robert Oppel testified that on the day of the crash, he saw Mills driving a blue motorcycle

going the opposite direction. Oppel recognized the motorcycle from surveillance he had been conducting on suspected drug trafficking at a local motel. Oppel immediately turned around and could see the two people on the motorcycle looking at him. Mills was the only one wearing a helmet. Oppel followed the motorcycle until he came upon a crash scene. Oppel discovered the motorcycle had struck an SUV as the SUV was making a legal left turn. Oppel testified that both Mills and his passenger were lying on the ground with serious injuries. The passenger later died from her injuries. The State introduced surveillance footage from the intersection showing the motorcycle crash into the side of the SUV.

Mills took the stand and explained that the passenger was his girlfriend. On cross-examination, Mills denied ever causing any other injury to the decedent. He specifically denied ever having given her a bloody nose, having bloodied her lip, or having bloodied any part of her during a physical altercation.

In response, Michaela Dickson, the decedent's sister, was recalled to the stand after the defense rested to testify about an "excited utterance" the decedent made to her about having been attacked by Mills. Mills objected to this testimony as hearsay. After proffering the testimony and arguing the issue, the court overruled Mills's objection. The court reasoned that the statement was made close in time to the incident, the decedent was crying and upset when she made the statement, and the statement was made three months before her death. The court also noted that the rules of evidence are not strictly applied to sentencing proceedings.

2

Dickson testified that the decedent called her crying and said that Mills "had [come] home drunk [and] beat her[.]" The decedent told Dickson it hurt to move and provided pictures to Dickson of the injuries, which included bruising on her arm, hip, leg, and face. The decedent said she did not know what to do and that she needed somewhere to go. The pictures were not introduced into evidence.

Defense counsel also objected during his cross-examination of Dickson concerning a pending charge against the decedent for filing a false police report. Dickson said she was aware of this charge but was cut off by counsel when she tried to give an explanation. On redirect, the State asked Dickson if the decedent had given her a reason why "she did that." Mills objected on the basis of hearsay, but the court overruled his objection. Dickson testified that the decedent spent time in jail for filing a false police report because reporting the truth would have resulted in Mills going back to prison, which the decedent did not want.

The jury sentenced Mills to 300 months' imprisonment and a $10,000 fine. The court initially pronounced his sentence as including an additional 60-month SIS. The court also set an attorney's fee of $1,500 and announced that Mills was to have no contact with the family members of the decedent. Following trial, Mills moved to reconsider his sentence, contending it was illegal. The court granted the motion in part, modifying the sentence to 299 months' imprisonment and one-month SIS with a $10,000 fine. The $1,500 attorney's fee announced by the court was not included in the sentencing order. The provision requiring Mills to have no contact with the family members of the decedent was made a part of the conditions of his SIS.

Mills first challenges the admission of Dickson's testimony that her sister told her Mills had come home intoxicated and battered her. He contends the court erred in permitting the testimony under the excited-utterance exception to hearsay and that this error was prejudicial.

We need not decide whether the court erred in failing to exclude Dickson's testimony because even if the court did abuse its discretion, Mills has shown no prejudice.

A circuit court's decision to admit evidence in the penalty phase of a trial is left to the sound discretion of the circuit court, and we will not reverse absent an abuse of discretion. *Woolems v. State*, 2024 Ark. App. 380, 690 S.W.3d 893. An evidentiary error in the sentencing phase of a trial may be declared harmless, and the appellate court may affirm when the evidence of guilt is overwhelming and the error is slight. *Id.* To determine if the error is slight, the court looks to see if the defendant was prejudiced. *Id.* To show prejudice, a defendant must demonstrate that the sentence was either outside the statutory range or the maximum allowed. *Id.* at 5–6, 690 S.W.3d at 897.

Mills contends admission of Dickson's testimony was prejudicial because it painted him as a domestic batterer who did not care about the decedent when she was alive and who lied about his transgressions against her after her death. However, as stated above, a defendant who is sentenced within the statutory range and short of the maximum sentence cannot establish prejudice from the admission of evidence at sentencing. *Woolems, supra.*

Mills had already pleaded guilty to manslaughter pursuant to Arkansas Code Annotated section 5-10-104 (Repl. 2024), a Class C felony, with a habitual-offender

designation. The alleged hearsay evidence was introduced to aid the jury in determining a sentence. Mills was sentenced to 299 months' imprisonment with a one-month SIS and a $10,000 fine. He was subject to a maximum term of imprisonment of 360 months due to his status as a habitual offender. Additionally, the maximum fine for a Class C felony is $10,000. Ark. Code Ann. § 5-4-201 (Repl. 2024). Because Mills was sentenced within the statutory range and did not receive the maximum sentence, he cannot demonstrate prejudice.

For this reason, Mills's challenge of the court's admittance of Dickson's testimony explaining why the decedent filed a false police report also lacks merit.

Next, Mills contends that the circuit court assessed an illegal attorney's fee of $1,500. However, the fee was not included in the written sentencing order. When there is a conflict between what was announced in court and a written order, the written order controls. *Ellis v. State*, 2019 Ark. 286, at 6, 585 S.W.3d 661, 665. The court did announce from the bench the assessment of a $1,500 attorney's fee; however, the sentencing order did not contain this attorney's fee, and the written sentencing order is controlling.

Last, Mills argues that the court imposed an illegal postconviction no-contact order without any expiration. To support his argument, he contends that an extended postconviction no-contact order is available only for certain crimes, and manslaughter is not one of those crimes. *See* Ark. Code Ann. § 5-4-106(b) (Repl. 2024).

Mills was sentenced to 299 months' imprisonment and a one-month SIS. The conditions of his SIS were signed by Mills and filed with the clerk. One of those conditions

5

required Mills to have no contact with the family members of the victim. There is nothing reduced to writing stating that the no-contact order extends past the expiration of the SIS. Consequently, the no-contact provision is a proper exercise of the authority granted to the circuit court to fashion conditions for SIS pursuant to Arkansas Code Annotated section 5-4-303(c)(4) (Repl. 2024).

Accordingly, we affirm on the merits, but we must remand for the correction of a scrivener's error in the circuit court's sentencing order. The sentencing order does not mark the box to reflect that Mills was sentenced as a habitual offender.

Affirmed; remanded to correct sentencing order.

HARRISON and TUCKER, JJ., agree.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.